```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION
```

IN RE CARMIKE CINEMAS, INC.      *
                                        Lead Case No. 4:16-cv-154 (CDL)
SHAREHOLDER LITIGATION           *
                                              ALL CASES
_____ *

O R D E R

On March 3, 2016, Carmike Cinemas, Inc. ("Carmike") and AMC Entertainment Holdings, Inc. ("AMC") announced that AMC had agreed to acquire all of the outstanding common stock of Carmike for $30 per share in cash. Compl. ¶ 2, ECF No. 1. Plaintiffs, who are Carmike shareholders, contend that $30 per share is not enough. They complain that the negotiated acquisition of Carmike was "at an unfair price through an unfair process that was tilted in favor of AMC" to the detriment of Carmike shareholders. *Id.* ¶ 1. Fifty-three days after the announcement of the acquisition, on April 25, 2016, Plaintiffs filed the present action alleging claims for breach of fiduciary duty by the Carmike Board of Directors and claims arising from violations of Sections 14(a) and 20(a) of Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq*. Plaintiffs seek damages and injunctive relief.

Presently pending before the Court is Plaintiffs' Motion for a Temporary Restraining Order, Expedited Discovery, and a Preliminary Injunction Briefing Schedule (ECF No. 14).

Plaintiffs seek an injunction to prevent the shareholder vote on the acquisition, which is scheduled for June 30, 2016.  Although Plaintiffs waited until June 6, 2016 to file their motion, they want the Court to expedite discovery, briefing, and its own decision making so that all of this can be completed in time for a decision to be made on whether to halt the vote scheduled for June 30.  The Court held a telephone conference with counsel on June 9 at which they had an opportunity to argue the issues raised by Plaintiffs' motion.  Having fully considered Plaintiffs' motion, the Court finds for the reasons explained in the remainder of this order that it should be denied.

DISCUSSION

Plaintiffs maintain that Carmike shareholders need more information than what was provided in the proxy statements regarding the acquisition in order to cast an informed vote at the shareholder meeting.  They also contend that information contained in the proxy statement was materially false and misleading.  Therefore, Plaintiffs seek to delay the vote until this information can be developed through expedited discovery which they then intend to use in support of a preliminary injunction to prevent the acquisition.

Although a motion for "preliminary injunction" is not presently pending before the Court, the Court must consider whether such relief is likely to be granted in the future and

whether any amount of discovery will affect a decision on that relief.[1]  If that issue can be decided without discovery, then Plaintiffs' motion for expedited discovery is moot.  Before a preliminary injunction or temporary restraining order may be issued, the party seeking the injunction or TRO must show that: "(1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction [is] issue[d]; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest."  *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (per curiam).

The key, and ultimately dispositive, issue that the Court must decide is whether Plaintiffs will likely suffer irreparable injury if the shareholder vote is allowed to proceed on June 30. "An injury is 'irreparable' only if it cannot be undone through monetary remedies."  *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987).  As the Supreme Court observed, "[t]he key word in this consideration is irreparable.  Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective

---

[1] Plaintiffs presently seek a temporary restraining order to delay the shareholder vote, so that they may conduct expedited discovery.  They then intend to seek a preliminary injunction based upon that discovery.

3

relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (quoting *Va. Petroleum Jobbers Ass'n v. Fed. Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958)).

The Court finds that Plaintiffs are unable to establish that they will suffer irreparable harm if the shareholder vote is allowed to proceed on June 30. The essence of Plaintiffs' complaint is that they do not believe $30 per share is a fair price for their Carmike shares. Although they maintain that this undervaluation of their shares resulted from an unfair process, their disclosure claims are inextricably intertwined with their damages claims. Moreover, Plaintiffs do not suggest any unique value that Carmike has to them other than its financial value, which would be reflected in a fair stock price. If they are successful in demonstrating that Defendants breached some duty associated with the acceptance of $30 per share, presumably Plaintiffs will be able to obtain what they truly seek, which is a fair price for their shares.[2]

Plaintiffs make the colorful argument that once the shareholder vote occurs, "the eggs cannot be unscrambled." But the Court does not understand why the "scrambling" prevents

---

[2] Plaintiffs have not explained why they will be unable to do so either in this action or through an appraisal process under applicable state law.

4

Plaintiffs from ever obtaining the full value of their "eggs." If the stock is worth more than $30 per share and Defendants' conduct caused it to be improperly undervalued due to a breach of fiduciary duty or violation of the securities laws, then Plaintiffs should be able to unscramble them to the extent that they will eventually be paid for the full value of their "eggs."

Plaintiffs have offered no basis for concluding that they will be irreparably harmed if the vote on the acquisition is allowed to proceed. The bottom line is the bottom line. If Plaintiffs prevail on their claim for damages, they will receive what they seek—fair value for their shares. Plaintiffs have pointed the Court to nothing that suggests a positive vote on June 30 will prevent them from doing so.[3]

## CONCLUSION

Because Plaintiffs have not demonstrated how they will be irreparably harmed if the June 30 shareholder vote is allowed to proceed, their motion for the extraordinary remedy of a temporary restraining order is denied. The Court finds that no discovery will alter this conclusion. Accordingly, Plaintiffs'

---

[3] The Court hastens to add that there may be circumstances when damages or other legal remedies cannot repair harm caused by a shareholder vote. But the Court does not find those circumstances present here. The Court acknowledges the right of a shareholder to be able to make a fully informed voted based upon truthful and material information, but if that right is violated under the circumstances alleged here, it can be vindicated through available legal remedies. Thus, preliminary injunctive relief is not necessary or appropriate.

5

motion for expedited discovery and expedited briefing schedule is moot.

IT IS SO ORDERED, this 14th day of June, 2016.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA